IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRANDY LEE PARK, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:09-00305 |
| | ) | JUDGE HAYNES |
| | ) | |
| | ) | |
| KIMC NASHVILLE, LLC a/k/a | ) | |
| MEDVANCE INSTITUTE, and | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

Plaintiff, Brandy Lee Park, filed this action under Title II of the American with Disabilities Act ("ADA") 42 U.S.C. § 12101 et seq. and Section 504 of the Rehabilitation Act of 1973 ("RA") 29 U.S.C. § 794 against the Defendant[1] KIMC Nashville, LLC also known as MedVance Institute. MedVance, an educational institution, provides healthcare career training and Plaintiff was a student at its institution. In sum, Plaintiff alleges that the Defendant terminated her enrollment in its program based on her disability.

Before the Court is the Defendant MedVance's motion to dismiss (Docket Entry No. 15) contending, in essence: (1) that as a private educational institution, MedVance is not subject to Title II of the ADA; (2) that Plaintiff is not an "otherwise qualified" individual with a disability; (3) that Plaintiff admits her dismissal from the Defendant's program was not due to any disability; and (4) that under Plaintiff's allegations, MedVance is not covered entity under the Rehabilitation Act. To assume the Court's understanding of Plaintiff's contentions, the Court set

---

[1] A former defendant, Steriltek, Inc. was dismissed after Plaintiff failed to challenge that Defendant's motion to dismiss. (Docket Entry No. 39).

a hearing. (Docket Entry No. 42).[2]

## A. Analysis of the Complaint

MedVance accepted Plaintiff as a student in its sterile processing program. Plaintiff successfully completed the class work, but was dismissed after her removal from two externships at the request of those firms "for her behavior and level of understanding." (Docket Entry No. 1-1 at p. 6). According to Plaintiff, "[a]fter two months, Centennial Women center, where I was an intern, asked for me to be removed from the program." Id. at p. 6. "I was terminated by Greg Taylor [at Steril Tek] during my internship." Plaintiff also alleges that "Ms. Julie [MedVance instructor] informed me that I do not know my instruments . . ." Id.

As to Plaintiff's claims of discrimination based upon her disability, Plaintiff attaches a document to her complaint that she sees a therapist on a weekly basis, has skin cancer that will "be taken care of" with a "few visits for treatments," has had "five surgeries and has "changed her career as trucker to medical Sterile Processing tech." Id. at pp. 8-9. Plaintiff does not identify anyone at MedVance whom she advised of her alleged disability. In any event, Plaintiff contends that MedVance should have prepared the private firms of her disability.

In another exhibit to her complaint, Plaintiff asserts, "I have had jobs before: after all, I have a CDI license. The only reason why I don't have a driving career is due to the fact of my surgeries and I also wanted to pursue other opportunities." (Docket Entry No. 1-1 at p. 55). The medical records attached to Plaintiff's complaint dated December 13, 2006, reflect that Plaintiff "suffers from bipolar disease and schizophrenia and takes a lot of medication for that." Id. at

---

[2]At this hearing, Plaintiff raised issues about teaching of religion that is not in her complaint, but the Defendant is not a public entity and Plaintiff fails to state an actionable claim on this allegation.

p.60. In another attached letter, Deborah Pitts, a therapist, cites her diagnoses of Plaintiff as having schizophrenia, paranoid type (295.30) and attention deficit/hyperactivity disorder Nos. 314.9. Id. at p. 66.

### B. Conclusions of Law

The pleading standard on the motion to dismiss requires only factual allegations that "raise a right to relief above the speculative level". Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). Fed. R. Civ. P. 8(a) provides that a pleading must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief'. Under Fed. R. Civ. P. 8(e), "Pleadings must be construed so as to do justice.". On a motion to dismiss, the Court accepts well-pled factual allegations as true and construes such allegations in the light most favorable to the Plaintiffs, with all reasonable inferences in the Plaintiffs' favor. Bassett v. Nat'l Collegiate Athletic Ass:n, 528 F.3d 426, 430 (6th Cir.2008).

To survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). Indeed, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 550 (citations omitted).

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . . shall, solely be reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or

3

activity receiving Federal financial assistance," such as "a college, university, or other post secondary institutions." 29 U.S.C. §§ 794(a)(b)(2)(A). The term "program or activity" is defined as including all of the operations of a "college, university or other postsecondary institution, or a public system of higher education . . . any part of which is extended Federal financial assistance." 29 U.S.C. § 794(b)(2)(A).

For a violation of the Rehabilitation Act, Plaintiff must allege facts that:

(1)  she is a "handicapped person" under the Act;

(2)  she is "otherwise qualified" for participation in the program;

(3)  she is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program **solely** by reason of her handicap; and

(4)  the relevant program or activity is receiving Federal financial assistance.

Doherty v. Southern College of Optometry, 862 F.2d 570, 573 (6th Cir. 1988) (emphasis added).

Under Section 504 an "otherwise qualified individual" must be able to satisfy all of a program's requirements. Southeastern Community College v. Davis, 442 U.S. 397, 406-07 — (1979). For post-secondary and vocational education services, the United States Department of Education's regulations define a "qualified handicapped person" as a "handicapped person who meets the academic and technical standards requisite to admission or participation in the [school's] education program or activity." Id. at 406 (quoting 45 C.F.R. § 84.3 (k)(3)). Section 504 does not require an educational institution to lower or substantially change its standards of competence to accommodate an individual whose handicap prevents him or her from meeting them. Id. at 413. Davis upheld a dismissal of a nursing applicant's action under Section 405 for

4

the school's denial of her application for admission based upon her disability hearing.

Assuming Plaintiff is an individual with a disability, the Court concludes Plaintiff does not allege that Plaintiff is an "otherwise qualified individual," as defined by the Rehabilitation Act and its regulations. Plaintiff's complaint did not identify whom she informed of her disability. Plaintiff admits that she was dismissed from the Defendant's program after two supervisors in private firms, where Plaintiff was an extern, requested her removal due to Plaintiff's inappropriate behavior and lack of understanding. (Docket Entry No. 1-1 Complaint at pp. 6, 51, 62 and 67). Thus, Plaintiff's allegations do not reflect any removal based "solely" on her alleged disability. The Court does not discern any legal duty to disclose a disability of which the Defendant was unaware.

As to Plaintiff's claim under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded by participation in or be denied the benefits of the services programs, or activities of a public entity or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA defines "public entity" as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority." 42 U.S.C. § 12131(1).

As a private educational institution, MedVance Institute is not subject to Title II of the ADA. Green v. City of New York, 465 F.3d 65, 78-79 (2d Cir. 2006) (private hospital is not a "public entity" subject to Title II of the ADA, despite its contract with a municipality to provide services); Schiavo ex rel v. Schiavo, 403 F.3d 1289, 1293 App. at 1299 (11th Cir. 2005) (per curiam) (hospice receiving federal funds is not a public entity).

Accordingly, the Defendant KIMC's motion to dismiss should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the ___15th___ day of November, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge